JS-6



**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| GREGORY ANDRE SMITH, | No. CV 21-5651-DMG (PLA) |
| Petitioner, | **ORDER DISMISSING SUCCESSIVE PETITION WITHOUT PREJUDICE** |
| v. | |
| DANNY SAMUELS, | |
| Respondent. | |

**I.**

**BACKGROUND**

On July 12, 2021, Gregory Andre Smith ("petitioner") initiated this action by filing a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"). In 2003, petitioner was convicted by a Los Angeles County Superior Court jury of attempted robbery (Cal. Penal Code §§ 211, 664), robbery (Cal. Penal Code § 211), and possession of a firearm by a felon (Cal. Penal Code § 12021(a)(1)). (ECF No. 1 at 2). The Petition challenges petitioner's 2003 conviction on the ground that he is actually innocent as to the robbery count. (Id. at 5, 8-13).

In 2006, petitioner filed an earlier habeas petition in this Court (the "2006 Petition"). (Case No. CV 06-3158-SGL (PLA), ECF No. 1). The 2006 Petition also challenged petitioner's 2003

conviction, and contained the following claims:  (1) petitioner was denied his Sixth Amendment right to cross-examine a prosecution witness; (2) his due process rights were violated by the introduction of gang evidence; (3) his due process rights were violated by the introduction of unreliable eyewitness identification evidence; and (4) the trial court committed a sentencing error. (Id., ECF No. 1; ECF No. 29 at 6).  Judgment was entered on September 24, 2008, dismissing the 2006 Petition with prejudice. (Id., ECF Nos. 30, 31).  A certificate of appealability was granted with respect to petitioner's claim that his Sixth Amendment right to cross-examine a witness was violated. (Id., ECF No. 37).  On May 13, 2010, the Ninth Circuit affirmed the judgment. (Id., ECF No. 49).

## II.

## DISCUSSION

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

1    As set forth above, petitioner's 2006 Petition was dismissed with prejudice on September

2  24, 2008.  As both the 2006 Petition and the instant Petition challenge petitioner's 2003 conviction,

3  the Court concludes that the instant Petition is successive.  Although, from a review of the instant

4  Petition, it does not appear that petitioner satisfies any of the exceptions listed in 28 U.S.C. §

5  2244(b)(2)(A) or (B),[1] even if he could make such a showing, he is still required to request *and*

6  *obtain* authorization from the Ninth Circuit before filing a successive petition.  28 U.S.C. §

7  2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007)

8  (AEDPA requires petitioner to receive authorization from the court of appeals before filing a second

9  habeas petition); Jones v. Ryan, 733 F.3d 825, 844 (9th Cir. 2013) (the "only avenue" for a petitioner

10  seeking to prove through newly discovered evidence that he is actually innocent is to apply for

11  authorization to file a second or successive habeas petition).  Because there is no indication that

12  petitioner has obtained such authorization from the Ninth Circuit, the Court is without jurisdiction to

13  entertain the instant Petition.  See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the

14  AEDPA is in play, the district court may not, in the absence of proper authorization from the court of

15  appeals, consider a second or successive habeas application.'").

16    Accordingly, dismissal of the Petition without prejudice as successive is appropriate.[2]

17

18  _____

19    [1] Petitioner alleges in the Petition that he is innocent of the robbery count because a witness
mistakenly identified him as the perpetrator, and the robbery victim was an unknown "John Doe"

20  who never testified. (ECF No. 1 at 8-13).  Petitioner fails to satisfy 28 U.S.C. § 2244(b) because
there is no indication that he relies on any new facts or other new evidence that could not have

21  been discovered previously through the exercise of due diligence.  Moreover, petitioner's
allegations disputing his robbery conviction are not sufficient to establish his innocence.

22

23    [2] If petitioner wishes to make a successive habeas application, he must file a "Motion for
Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28

24  U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit Court of Appeals. Until the Ninth Circuit
issues such an order, any direct or implied request for a second or successive petition for writ

25  of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to
petitioner's right to seek authorization from the Ninth Circuit to file the petition.

26    If petitioner obtains permission from the Ninth Circuit Court of Appeals to file a
successive petition, he should file a new petition for writ of habeas corpus. He should not file

27  an amended petition in this action or use the case number from this action because the
instant action is being closed by this Order. If petitioner files a new petition, the Court will give

28  that petition a new case number.

**III.**

**DENIAL OF CERTIFICATE OF APPEALABILITY**

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability ("COA").  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A COA may issue "only if . . . [there is] a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A "substantial showing . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (citation omitted); see also Sassounian v. Roe, 230 F.3d 1097, 1101 (9th Cir. 2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id. at 484.  Furthermore,

> Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal.  Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.

Id. at 485.

The Court finds that the requisite showing has not been made that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" that the Petition is successive and this Court has no jurisdiction over the Petition.  Accordingly, a certificate of appealability is **denied**.

/

/

/

/

/

/

4

**IV.**

**CONCLUSION**

IT IS THEREFORE ORDERED that the Petition is **dismissed without prejudice** as successive.  Additionally, a certificate of appealability is **denied**.


DATED:  July 22, 2021

_____

DOLLY M. GEE

UNITED STATES DISTRICT JUDGE